PETERSON v. STANDARD ARCH CO.

(Supreme Court, Appellate Term. May 24, 1910.)

MASTER AND SERVANT (§ 330*)—NEGLIGENCE OF SERVANTS—INJURIES TO THIRD PERSONS—LIABILITY.

Plaintiff was employed in structural iron work on a building, and was injured by the falling on him of a plank used to support boards on which the concrete for the flooring was placed. The employés of defendant were engaged in the concrete work on the fifth floor directly above plaintiff, and were the only persons at the time of the accident who used such planks. *Held* to sustain a finding that the accident was caused by the negligence of defendant's employés.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 330.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Henry Peterson against the Standard Arch Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Hirsh & Rasquin (Ferd W. Buermeyer, of counsel), for appellant.
Charles LaRue, for respondent.

PAGE, J. The plaintiff was employed as a structural iron worker upon a building in process of erection at the corner of Spruce and William streets, New York City. At the time of the accident he was cutting out iron rivets in the side of the building (which had progressed to the seventh floor) upon a "bridge" erected over the sidewalk at the first floor to keep articles from dropping on the passers-by. He was employed by the firm of Livring & Garugues. The accident happened early in the morning, between 8 and 9 o'clock. Plaintiff, on arriving at the building, went to the top floor to get some tools, and then was directed to proceed to the "bridge" to cut out these rivets. He had been working but a short time—"about 15 minutes or so"—when a piece of plank fell from above, striking him on the arm and hand. This was what was known as a "center rib," and was used for the purpose of supporting boards on which the concrete for the flooring was placed. The defendant's employés were engaged in this work on the fifth floor.

Plaintiff testified that no other men were working on that floor, or anywhere else above him, except some riveters, who were working for his employer on the fifth floor on the other side of the building; but the only persons working directly over him were the people working with this concrete. He also testified that he had seen them there when he went to the top floor to get his tools, and he knew what men were working in the building, and that he was in a position where he would have been able to see any person who went up the single ladder to the upper floors. He saw no person go up, though he stated it might have been possible for some one to have ascended the ladder without his seeing. The defendant offered no testimony, resting, ap-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

parently upon the theory that the mere fall of a plank from an upper floor during the construction of a building does not itself affix liability.

While it is undoubtedly true that the unexplained fall of a board from an upper story of a large building like this, in process of construction, could not, standing alone, serve to fix liability upon the defendant, there being other persons engaged in work elsewhere in the building beside his employés, that is not all of this case. This particular missile was not a simple board or plank. It was specially prepared with crosspieces, and easily recognizable as a "center rib" used in the flooring work and for no other purpose. The defendant's employés were the only ones at the time of the accident using these "center ribs." This, taken in connection with plaintiff's undisputed testimony that these employés were working on the fifth floor directly over his head, and his knowledge of who were actually in the building at the time, present a prima facie case, which renders some explanation from the defendant necessary. The jury were strongly charged that they could only arrive at a verdict for the plaintiff by finding that this "center rib" fell through some positive act of negligence on the part of defendant's employés. Manifestly it had no power to project itself into space of its own accord; and we cannot say under all the circumstances that the jury were not warranted in the inference which their verdict for the plaintiff indicates.

The judgment must be affirmed, with costs. All concur.